Deborah A. Ferguson
Craig H. Durham
FERGUSON DURHAM, PLLC
223 N. 6th Street, Suite 325
Boise, Idaho 83702
T: (208)-345-5183
F: (208)-906-8663
chd@fergusondurham.com
daf@fergusondurham.com

Jack Van Valkenburgh
VAN VALKENBURGH LAW, PLLC
P.O. Box 531
Boise, Idaho 83701
T: (208) 918-1994
F: (208) 947-2424
jack@vanvalkenburghlaw.com

Attorneys for Plaintiffs

Richard Alan Eppink
AMERICAN CIVIL LIBERTIES UNION
OF IDAHO FOUNDATION
P.O. Box 1897
Boise, Idaho 83701
T: (208) 344-9750
F: (208) 344-7201
reppink@acluidaho.org

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| VISUAL ARTS COLLECTIVE, LLC; ANNE MCDONALD; and ALLEY REPERTORY THEATER, INCORPORATED, an Idaho nonprofit corporation,<br><br>               Plaintiffs,<br><br>  v.<br><br>COLONEL RALPH POWELL, Director of the Idaho State Police; LIEUTENANT COLONEL KEDRICK WILLS, Deputy Director of the Idaho State Police; CAPTAIN RUSSELL WHEATLEY, | Case No.<br><br>**VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>**42 U.S.C. § 1983** |

COMPLAINT - 1

Bureau Chief of the Alcohol Beverage
Control the Idaho State Police;
DETECTIVE GEORGE SZELES, Idaho
State Police, and SPECIALIST
JEREMICH WEST, Idaho State Police, in
their official capacities,

       Defendants.

## INTRODUCTION

  Idaho's liquor laws are antiquated and unconstitutional. They impose restrictions on freedom of expression despite that the Ninth Circuit held more than a decade ago that it was already "clearly established that liquor regulations could not be used to impose restrictions on speech that would otherwise be prohibited under the First Amendment." *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1159 (9th Cir. 2000). Right after another movie theater sued State officials earlier this year challenging this unconstitutional statute, I.C. § 23-614, the Idaho legislature changed the statute to refer to modern constitutional standards—but only as to films and still pictures. *See* Verified Complaint (Dkt. 1), *Meridian Cinemas, LLC, v. Powell*, No. 1:16-cv-30-REB (D. Idaho Jan. 19, 2016); 2016 Idaho Session Laws chap. 291, at 821 (amending I.C. § 23-614(1)(e)). The statutes' archaic provisions regarding live performances remain in place.

  The Plaintiffs are an art gallery, a repertory theater, and a performance artist. They produce and host some of the most thought-provoking and interesting visual and performing art in southwestern Idaho. Yet the Idaho State Police's heavy-handed enforcement of the portions of I.C. § 23-614 that the Idaho Legislature failed to update this year is censoring Plaintiffs' artistic expression. The statute casts an incredibly wide net that captures Tony-award winning plays, acclaimed ballets, and even gestures as staid and familiar as "Elvis' gyrating hips" within its vague prohibitions. *See Dream Palace v. Cty. of Maricopa*, 384 F.3d 990, 1018 (9th Cir. 2004).

CIVIL COMPLAINT - 2

Live performances of theater, music and dance are guaranteed broad, prime facie First Amendment protection. Under the Constitution, "esthetic and moral judgments about art . . . are for the individual to make, not for the Government to decree, even with the mandate or approval of a majority." *United States v. Playboy Entertainment Group, Inc*., 529 U.S. 803 (2000). Through its enforcement of Idaho Code § 23-614, the State of Idaho is unconstitutionally censoring protected expression. The statute is actively chilling Plaintiffs' speech: they are self-censoring their own art and forced to censor others whose art they host. Plaintiffs ask this Court to strike down Idaho Code § 23-614 as unconstitutional and enjoin its enforcement.

## JURISDICTION AND VENUE

1.   Plaintiffs bring this action for violations of their federal constitutional rights under 42 U.S.C. § 1983 and 28 U.S.C. § 2201 and 2202 to redress the deprivation under color of state law rights secured by the United States Constitution.

2.   This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331.

3.   The Defendants reside in the District of Idaho, and Plaintiffs' claims for relief arose in this District.  Accordingly, venue in the District of Idaho is proper under 28 U.S.C. § 1391 (b)(1) and (2).

4.   This Court has authority to enter a declaratory judgment and to provide preliminary and permanent injunctive relief pursuant to Rules 57 and 65 of the Federal Rules of Civil Procedure, 42 U.S.C. § 1983, and 28 U.S.C. § 2201 and 2202.

## PARTIES

5.   Plaintiff Visual Arts Collective, LLC ("Visual Arts Collective") is a mixed-use contemporary fine art gallery in Garden City, Idaho, and is committed to presenting

exhibitions and events for artists working in visual and performance art, film, music and theater.

6.     The Visual Arts Collective's entrance:



7.     Plaintiff Anne McDonald is a performance artist, producer, theatre director, and

instructor who resides in Boise, Idaho. Ms. McDonald performs regularly at the Visual

Arts Collective, which provides a critical venue for her art.

8.     Ms. McDonald performing burlesque at the Visual Arts Collective on March 18, 2016:



9.  Plaintiff Alley Repertory Theater, Incorporated is an Idaho nonprofit organization,

recognized as tax-exempt under § 501(c)(3) of the Internal Revenue Code.  The

Theater's company performs and rehearses its regular theatre season at the Visual Arts

Collective.

10.  A scene from the Alley Repertory Theater's production at the Visual Arts Collective of

The Farnsworth Invention, a play by Aaron Sorkin about Idahoan Philo T. Farnsworth's

invention of television:



11.  Defendant Colonel Ralph Powell was at all relevant times employed by the Idaho State

Police ("ISP") as its Director and was acting under color of state law.  As the Director of

the ISP, Colonel Powell licenses establishments that serve alcohol and is otherwise

generally responsible for administrative enforcement of Idaho's alcoholic beverage laws

as to licensees. The Director of the ISP has delegated his authority over licensing establishments that sell alcoholic beverages at retail to the Bureau of Alcohol Beverage Control ("ABC" or "Bureau of ABC"). ABC Rule 11.02, Rules Governing Alcohol Beverage Control, IDAPA 11.05.01.011.02 (2015). On information and belief, Colonel Powell is a resident of the State of Idaho. He is sued in his official capacity for civil rights violations under 42 U.S.C. § 1983.

12. Defendant Lieutenant Colonel Kedrick Wills was at all relevant times employed by the Idaho State Police as its Deputy Director and was acting under color of state law. On information and belief, he is a resident of the State of Idaho. He is sued in his official capacity for civil rights violations under 42 U.S.C. § 1983.

13. Defendant Captain Russell Wheatley was at all relevant times employed by the Idaho State Police as the Chief of the Bureau of Alcohol Beverage Control and was acting under color of state law. On information and belief, he is a resident of the State of Idaho. He is sued in his official capacity for civil rights violations under 42 U.S.C. § 1983.

14. Defendant Detective George Szeles was at all relevant times employed by the Idaho State Police as a Detective in the Bureau of Alcohol Beverage Control and was acting under color of state law. On information and belief, he is a resident of the State of Idaho. He is sued in his official capacity for civil rights violations under 42 U.S.C. § 1983.

15. Defendant Jeremiah West was at all relevant times employed by the Idaho State Police as a Specialist in the Bureau of Alcohol Beverage Control and was acting under color of state law. On information and belief, he is a resident of the State of Idaho. He is sued in

his official capacity for civil rights violations under 42 U.S.C. § 1983.

## FACTS RELEVANT TO ALL CLAIMS

### I.
### The Visual Arts Collective Provides a Critical and Needed Space
### for Artistic Expression in the Treasure Valley

16.    The Visual Arts Collective is dedicated to providing Boise and the Treasure Valley

opportunities to explore various artistic disciplines, to engage in interactive art, to

participate in special events and to encourage artists and the community to continue in

the discovery of artistic expression. Visual Arts Collective has been the recipient of

grants from prestigious art foundations and sponsors, including the Robert Rauschenberg

Foundation.

17.    Gallery opening at the Visual Arts Collective featuring visual art by Sue Latta (lead

plaintiff in *Latta v. Otter*, 771 F.3d 456 (9th Cir. 2014)):



CIVIL COMPLAINT - 8

18.     MT Theory break dance battle performance at the Visual Arts Collective:



19.     The David Andrews Band CD release party at the Visual Arts Collective:



20.    Artists collaborating at the Visual Arts Collective on pieces at "Skinless," an art exhibition of tattoo artists working on media other than skin:



21.    Visual Arts Collective also has a liquor license issued by the Idaho State Police, Bureau of Alcohol Beverage Control. This allows it to sell liquor by the drink, and beer and wine on its premises during its events. Visual Arts Collective is not a bar or nightclub, and does not sell alcohol except in conjunction with artistic performances or during gallery viewing hours, which is primarily open on Saturday afternoons.

22.    Gallery viewing hours at the Visual Arts Collective on a Saturday afternoon:

CIVIL COMPLAINT - 10



23.     House set for theater at the  Visual Arts Collective:



24.     Gallery installation with Japanese exchange students, sponsored by Boise State
        University:



25.     Anne McDonald has been trained as a classical actor, obtaining her B.A. from Boise
        State University, with a degree in theatre arts. She performs regularly at the Visual Arts
        Collective.

26.     In 2014, Ms. McDonald was selected as one of five emerging young artists profiled by
        the Boise City Arts and History Department. She is also a recent recipient of a grant
        from the Idaho Commission on the Arts. The proceeds of that grant were applied to
        study the art of Commedia Dell' Arte in New York. Commedia is a style of Italian,
        masked, improvisational theater with stock, stereotyped characters. It is crude and
        hilarious and well respected in theater and in contemporary entertainment (characters in

The Simpsons are based off of commedia characters, for instance). In 2008, Ms.

McDonald helped found the Red Light Variety Show, a modern vaudeville-style cabaret

which includes everything from trapeze and comedy acts to singing.

27.   She is also the driving force behind the Frankly Burlesque show, which has a classic

vaudeville feel. Her stage name is Frankly Frankie, a nod to her spunky and beloved

grandmother. Ms. McDonald's acts deal openly with gender issues, sexuality, gay rights

and politics. She wishes to continue her Frankly Burlesque performances at the Visual

Arts Collective.

28.   Time sequence photos of Ms. McDonald performing at a Frankly Burlesque production

at the Visual Arts Collective on March 18, 2016:





29.     The Alley Repertory Theater strives to be a preeminent theatre collective in the Treasure

        Valley evoking critical reflection on current events, and elevating creativity and

        innovation through relevant performances.

30.     Alley Repertory Theater produces year-round new and established works throughout the

        Treasure Valley, but its primary venue for its annual series of plays is at the Visual Arts

        Collective. The Theater is committed to providing professional opportunities to local

        and national performance-based artists and presenting theater productions, discussion

        forums and theater development. The Theater's performances and rehearsals regularly

        occur at the Visual Art Collective.

CIVIL COMPLAINT - 14

31.    The audience at the Visual Arts Collective during Alley Repertory Theater's production

of <u>In the Next Room, or the vibrator play</u>:



## II.

### Enforcement of Idaho Code § 23-614 Against the Visual Arts Collective
### Chills Plaintiffs' Protected Artistic Expression

32.    On the evening of Friday March 18, 2016 at 8:00 p.m., Idaho State Police Defendants

Detective George Szeles and Specialist Jeremiah West, attended a ticketed artistic event

at the Visual Arts Collective as undercover officers at the direction of Defendant

Captain Russell Wheatley, Chief of the Bureau of ABC.

33.    The sold-out event at the Visual Arts Collective was a series of burlesque acts, which

featured performer Anne McDonald and other local and regional artists.

34.    Burlesque theatre is an old art form, which emerged in London in the 1830's, presenting

CIVIL COMPLAINT - 15

an absurd or comically exaggerated imitation, usually of a literary or dramatic work.

35.    As noted by Robert C. Allen, a preeminent scholar in the field of American Popular

Culture Studies and a Professor of American Studies and History at the University of

North Carolina at Chapel Hill:

> Without question, however, burlesque's principal legacy as a cultural form was its establishment of patterns of gender representation that forever changed the role of the woman on the American stage and later influenced her role on the screen. . . The very sight of a female body not covered by the accepted costume of bourgeois respectability forcefully if playfully called attention to the entire question of the "place" of woman in American society.

*See*, Robert G. Allen, *Horrible Prettiness: Burlesque and American Culture* (Univ. of

North Carolina Press, Chapel Hill, 1991), pp. 258-259.

36.    The performance of burlesque is experiencing a renaissance in Boise and in venues

throughout the country.

37.    Drinks by the glass were sold by the Visual Arts Collective for this March 18th

performance, as authorized by its liquor license.

38.    The revenue received from the sale of drinks by the glass at events at the venue is an

integral part of the budget of the Visual Arts Collective, and allows it to continue to

operate. While the Visual Arts Collective is also the recipient of grants from a

prestigious arts foundation and other supporters of the arts, these grants do not cover its

operating expenses. Without the income earned from the sale of drinks by the glass, the

Visual Arts Collective could not survive as an artistic venue.

39.    During the course of the evening, Detective Szeles purchased a beer and a drink

containing liquor which he consumed while watching the performance, in the course of

his undercover duties. Likewise, he and Specialist Jeremiah West observed that some

CIVIL COMPLAINT - 16

other members of the audience also purchased alcoholic beverages during the event and returned with these drinks to their seats.

40.     As part of their performances, some of the artists wore pasties and thongs, and therefore revealed portions of their breasts below the areola (while the areola remained concealed) and the cleft of their buttocks. No part of the evening's performance was obscene, as defined by Idaho statute under chapter 41, title 18, or federal law.

41.     Based upon the undercover officers' observations, on May 5, 2016, the Bureau of ABC served the Visual Arts Collective with an administrative violation notice and an administrative complaint, seeking the most severe sanctions: revocation of the  Visual Arts Collective's retail alcohol beverage license. The one count administrative complaint alleges that on the evening of March 18, 2016, the employees of the Visual Arts Collective did nothing to prevent the exposure, to viewing by others, of the portion of some of the female performers' breasts below the top of the areola, or the cleft of their buttock in violation of Idaho Code § 23-614(a).

42.     Idaho Code 23-614(1) (a)-(d) is an Idaho state liquor regulation governing expressive content at licensed establishments. It provides:

PROHIBITED ACTS -- MISDEMEANORS -- PENALTIES. (1) No person, partnership, association or corporation shall conduct, permit, or encourage any of the following acts or activities in or upon premises licensed pursuant to this title:
(a)     Employment or use of any person, including allowing any person on the premises, while such person is unclothed or in such attire, costume or clothing as to expose to view any portion of the female breast below the top of the areola or of any portion of the pubic hair, anus, cleft of the buttocks, vulva or genitals.
(b)     Employment or use of any person who touches, caresses or fondles the breast, buttocks, anus or genitals of any other person, or who is so touched, caressed or fondled by another person.
(c)     Employment or use of any person to wear or use any device or covering, exposed to view, which simulates the breast, genitals, anus, pubic hair or any portion thereof.
(d)     Employment or use of any person to perform acts of or acts which simulate sexual intercourse, masturbation, sodomy, bestiality, oral copulation, flagellation or any sexual

acts which are prohibited by law.

43.    Further, a conviction for a violation of any provision of Idaho Code § 23-614 "by any agent, employee, or any person in any way acting on behalf of a licensee" is a criminal misdemeanor punishable by a minimum sentence of thirty days in jail or a fine up to $300.00 or both. After a judgement of conviction is certified, the Director of the Bureau of ABC can "take any action he considers appropriate against the licensee" including suspension not to exceed 6 months, a fine, or both, or revocation of the license.

44.    In order to continue its mission as a fine art gallery and performance venue, the Visual Arts Collective negotiated a settlement with the Bureau of ABC to resolve the administrative complaint against it. The Visual Arts Collective could not exist without a license to serve alcohol, as this source of operating revenue allows it to subsidize this important community art venue. While the Visual Arts Collective challenges the constitutionality of Idaho Code § 23-614 in this federal action along with Plaintiffs Anne McDonald and Alley Repertory Theater, it had little choice but to pay a fine and agree to a suspension of its alcohol license in order to keep its doors open. That administrative action—its first ever—has been resolved and is no longer pending.

### First Amendment Violations- Freedom of Speech

45.    Idaho Code § 23-614 authorizes the Director of the Idaho State Police to punish fine art galleries and performance venues of dance, theatre, and music such as the Visual Arts Collective for non-obscene expression by suspending or revoking their liquor license, or by imposing a fine, or both.

46.    The offenses include, but are not limited to, the artistic context of the dance, music and theatre productions performed, the clothing of its patrons or any person on it premises,

CIVIL COMPLAINT - 18

the costumes of its performers, the act of touching or being touched by any person on

the breast or buttocks, the use or wearing or covering of any device exposed to view,

which simulates any portion of the breast or genitals, or even the "simulation" of sexual

acts.

47.     Accordingly, Idaho Code § 23-614 is a content-based restriction of artistic, non-obscene

speech that is prohibited by the First Amendment to the United States Constitution.

Plaintiffs have the right to conduct non-obscene artistic performances on the premises of

the Visual Arts Collective free of interference from Defendant state officials, even

though some portion of the performances or the clothing of the performers or patrons

may fall within the proscriptions of Idaho Code § 23-614.

48.     The statute leaves the Plaintiffs without any alternative avenues for expression of the

ideas and messages it suppresses.

49.     Likewise, as applied by the Bureau of ABC, Idaho Code § 23-614 is a restriction on

speech that is constitutionally prohibited.

**First Amendment Injuries to the Visual Arts Collective**

50.     The ABC's enforcement of Idaho Code § 23-614 against the Visual Arts Collective has

severely limited its ability to function as an artistic performance venue. The vast array of

prohibited acts or expressions under Idaho Code § 23-614 are commonly viewed in

theatres, during ballets and at concerts, in many artistic venues, such as the productions

performed at the Idaho Shakespeare Theatre, "Broadway in Boise" shows at the

Morrison Center, Opera Idaho and the Boise Contemporary Theatre.

51.     As a result of Idaho Code § 23-614, the Visual Arts Collective has been force to censor

its own performances, to ensure that it will not trigger enforcement of the statute from

CIVIL COMPLAINT - 19

undercover officers that sit in judgment in the audience. It is now training all artists who perform at its venue to comply with the severe artistic restrictions Idaho Code § 23-614 imposes upon them. It must ask them to limit their artistic expression, including their body movement and costumes, so as not to jeopardize the existence of the venue, which needs the revenue from liquor beverage sales to operate.

52.     The Visual Arts Collective is also confounded by the vagueness of Idaho Code § 23-614, and its sweeping scope, which on its face prohibits a ballerina from being hoisted by her buttocks, or a guitar player from gyrating his or her hips. Likewise, patrons who enter wearing dresses or tops with "keyhole" cutouts, tops with deep cleavage, or baggy, drooping trousers also run afoul of the statute, and threaten the Visual Arts Collective with noncompliance.

### First Amendment Injuries to Artist Anne McDonald

53.     Anne McDonald is a celebrated up and coming Idaho performance artist, whose shows delight and challenge her audiences.  As a frequent performer at the Visual Arts Collective, Anne McDonald's protected First Amendment freedom of speech is severely curtailed by the Bureau of ABC's enforcement of Idaho Code § 23-614 against the Visual Arts Collective. She can no longer perform at the Visual Arts Collective in her creative costumes to Idaho audiences without significant alteration, and must restrict her body movements and other content of her performances. This has dramatically chilled her artistic expression in violation of her First Amendment rights guaranteed under the Constitution.

54.     Idaho Code § 23-614 is also vague and not narrowly tailored to achieve any compelling state interest, as applied to her legitimate artistic expression.

**First Amendment Injuries to the Alley Repertory Theatre**

55.     Alley Repertory Theatre's mission as an Idaho non-profit is to provide theatre opportunities that offer critical reflection on current events, and elevate creativity and innovation through relevant performances. The Theater is an inclusive, innovative theater producing year-round new and established works throughout the Treasure Valley.

56.     The ABC's enforcement of Idaho Code § 23-614 against the Visual Arts Collective has also severely limited Alley Repertory Theater's ability to function as a theatre in its home at the Visual Arts Collective.

57.     In the past year, Alley Repertory Theater has performed plays that have received critical acclaim. For example, it produced a Broadway production <u>Little Dog Laughed</u>, a play nominated for a Tony Award for Best Play, dealing with the public perception of gay men. The Theater also produced <u>In the Next Room, or the vibrator play</u> another Broadway production that was nominated for three Tony Awards, which dealt with the Victorian ignorance of female sexual desire. The plays have to be censored to comply with I.C. § 23-614.

58.     The set and a scene from Alley Repertory Theater's production of <u>In the Next Room, or the vibrator play</u> at the Visual Arts Collective:





CIVIL COMPLAINT - 22

59.     During the Alley Repertory Theater's 2016-2017 season at the Visual Arts Collective, the Theater will perform a series of three plays which confront "the darlings of mythology, politics and pop in the quest to rediscover our humanity." The first play is The Totalitarians by playwright Peter Sinn Nachtrieb.  This raucous comedy has received much critical praise about the state of contemporary political discourse, modern relationships, and how easy it is to believe truths without facts. This play has been performed at venues around the country, from Washington D.C., to San Francisco to Dallas. The Theater's production is scheduled to begin its run at the Visual Arts Collective on October 13, 2016.  Performed as scripted, this acclaimed theatre production will violate Idaho Code § 23-614.

60.     As a result of Idaho Code § 23-614, Alley Repertory Theater will be forced to censor its own future performances, to ensure that it will not trigger enforcement of the statute against the Visual Arts Collective, to comply with the severe artistic restrictions Idaho Code § 23-614 imposes upon it. This offends the broad First Amendment protections afforded to live theatre performances.

61.     The Bureau of ABC has not identified any compelling state interests that supports the enforcement of Idaho Code § 23-614 to Alley Repertory Theater's productions, as applied to legitimate artistic expression, subjecting it to strict scrutiny

62.     Idaho Code § 23-614 is also vague and not narrowly tailored to achieve any compelling state interest, as applied to legitimate artistic expression.

**First Amendment Injuries to Other Similarly Situated Art Venues**

63.     As a constitutionally infirm and overbroad statute, Idaho Code § 23-614 also continues to have a chilling effect on the First Amendment rights of Plaintiffs as well as other

artistic venues and artists in District of Idaho not before the Court.

## CAUSES OF ACTION

## COUNT I

### Freedom of Speech (42 U.S.C. § 1983)

64.     Idaho Code § 23-614 and the Defendants' enforcement actions against the Plaintiffs violate the freedom of speech guaranteed by the First Amendment and Fourteenth Amendment of the United States Constitution.

65.     Idaho Code § 23-614 and the Defendants' practices facially discriminate against protected speech based on content and viewpoint, cannot be justified by a compelling government interest, grant too much discretion to government employees and officials, and are overbroad.

66.     As applied, as well, Idaho Code § 23-614 and the Defendants' actions also discriminate against protected speech based on content and viewpoint, cannot be justified by a compelling government interest, grant too much discretion to government employees and officials, and are overbroad.

67.     The Plaintiffs have suffered and will continue to suffer harm as a direct and proximate result of Idaho Code § 23-614, as well as other similarly situated, and the Defendants' actions and violations of the Constitution.

68.     Under 42 U.S.C. § 1983, the Plaintiffs are entitled to declaratory, injunctive, and prospective relief prohibiting the Defendants from violating their rights, privileges, or immunities under federal law.

## COUNT II

### Vagueness (42 U.S.C. § 1983)

69. Idaho Code § 23-614 and the Defendants' actions against the Plaintiffs are overly vague and violate Due Process and the First Amendment and Fourteenth Amendment of the United States Constitution.

70. The Plaintiffs as well as others similarly situated have suffered and will continue to suffer harm as a direct and proximate result of Idaho Code § 23-614, and the Defendants' actions and violations of the Constitution.

71. Under 42 U.S.C. § 1983, the Plaintiffs are entitled to declaratory, injunctive, and prospective relief prohibiting the Defendants from violating their rights, privileges, or immunities under federal law.

## COUNT III

### Equal Protection (42 U.S.C § 1983)

72. Idaho Code § 23-614 and the Defendants' enforcement actions against the Plaintiffs violate the equal protection of the laws guaranteed by the Fourteenth Amendment of the United States Constitution.

73. Idaho Code § 23-614(1)(a) treats women differently than men by prohibiting identical conduct—exposing one's breast below a point immediately above the top of the areola—if it is engaged in by a woman while at the same time leaving the same conduct by a man unregulated and without sanction.

74. The different treatment under Idaho Code § 23-614(1)(a) of women, on the one hand, and men, on the other hand, is intended to perpetuate traditional gender roles.

75. There is no persuasive justification for treating exposure of one's breast below a point

immediately above the top of the areola differently based on the sex of the individual.

76.     The Plaintiffs have suffered and will continue to suffer harm as a direct and proximate result of Idaho Code § 23-614, as well as others similarly situated, and the Defendants' actions and violations of the Constitution.

77.     Under 42 U.S.C. § 1983, the Plaintiffs are entitled to declaratory, injunctive, and prospective relief prohibiting the Defendants from violating their rights, privileges, or immunities under federal law.

### PRAYER FOR RELIEF

Plaintiffs respectfully request orders and judgments:

1.     Declaring that the challenged statute, Idaho Code § 23-614, violates the United States Constitution on its face and as applied to Plaintiffs as well as others similarly situated;

2.     Temporarily, preliminarily, and permanently restraining and enjoining Defendants, as well as their officers, agents, employees, and all persons in active concert or participation with them, from enforcing the challenged statute;

3.     Striking down the challenged statute in its entirety;

4.     To ensure that the public has accurate notice of the requirements of the law and the Idaho Code, and to prevent chilling speech, requiring the Defendants to provide public notice that Idaho Code § 23-614 is unconstitutional.

5.     Waiving the requirement for the posting of a bond as security for entry of preliminary relief.

6.     Awarding the Plaintiffs reasonable attorneys' fees and costs as allowed by law, including under 42 U.S.C. § 1988; and

7.     Awarding any other relief as the Court may deem just and proper.

DATED this 15th day of September, 2016


/s/ Deborah A. Ferguson

/s/ Craig H. Durham

/s/ Richard Eppink

/s/ Jack Van Valkenburgh


Attorneys for Plaintiff

## **VERIFICATION**

I, Samuel Stimpert, verify that I have read the allegations contained in this Verified Complaint and that, other than allegations made upon information and belief, the allegations are true to the best of my knowledge, and I believe that the allegations made upon information and belief are true.

Under 28 U.S.C. § 1746, I verify under penalties of perjury that the foregoing is true and correct.

EXECUTED on this 14th day of September, 2016.


/s/ Samuel Stimpert


## **VERIFICATION**

I, Buffie Main, verify that I have read the allegations contained in this Verified Complaint and that, other than allegations made upon information and belief, the allegations are true to the best of my knowledge, and I believe that the allegations made upon information and belief are true.

Under 28 U.S.C. § 1746, I verify under penalties of perjury that the foregoing is true and correct.

EXECUTED on this 14th day of September, 2016.


/s/ Buffie Main


## **VERIFICATION**

I, Anne McDonald, verify that I have read the allegations contained in this Verified Complaint and that, other than allegations made upon information and belief, the allegations are true to the best of my knowledge, and I believe that the allegations made upon information and belief are true.

Under 28 U.S.C. § 1746, I verify under penalties of perjury that the foregoing is true and correct.

EXECUTED on this 14th day of September, 2016.


/s/ Anne McDonald