IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| VISUAL ARTS COLLECTIVE, LLC, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> COLONEL RALPH POWELL, Director of the Idaho State Police, *et al.*, <br><br> Defendants. | Case No. 1:16-cv-00414-BLW <br><br> **ORDER GRANTING JOINT MOTION FOR ENTRY OF PERMANENT INJUNCTION** |

The Parties have filed a Joint Motion for Entry of Permanent Injunction ("Joint Motion") asking this Court to enter a permanent injunction consistent with the terms of their Stipulation for Entry of Permanent Injunction ("Stipulation") submitted herewith.  The Court, having reviewed the Stipulation, and finding good cause therefore;

NOW THEREFORE IT IS HEREBY ORDERED that the Joint Motion (docket no. 16) is GRANTED.

IT IS FURTHER ORDERED THAT:

1. Defendants and all of their officers, servants, employees, attorneys, and all those in active concert or participation with them are permanently enjoined from enforcement of Idaho Code § 23-614(1)(a)-(c) against any persons operating theaters, concert halls, art centers, museums, event centers, or any other establishments or venues where theatrical or artistic performances are typically offered, and when considered as a whole, and in the context in which it is used, the performances that are presented are expressing matters of serious literary, artistic, scientific, or political value.

2. Defendants and all of their officers, servants, employees, attorneys, and all those

in active concert or participation with them are also permanently enjoined from enforcing the provision in Idaho Code § 23-614(1)(d) prohibiting simulated sexual intercourse, masturbation, sodomy, bestiality, oral copulation, flagellation or other sexual acts, against persons operating theaters, concert halls, art centers, museums, event centers, or any other establishments or venues where theatrical or artistic performances are typically offered, and when considered as a whole, and in the context in which it is used, the performances that are presented are expressing matters of serious literary, artistic, scientific, or political value.  This order does not otherwise affect the State's or the Defendants' enforcement of § 23-614(1)(d).

3. This case shall remain open, but the litigation of this case is hereby stayed, including all discovery and submissions in this matter, through the 2017 Idaho Legislature's session.  The stay is for the purpose of allowing sufficient time for the Idaho Legislature to amend Idaho Code § 23-614(1)(a)-(d).  If the Legislature amends Idaho Code § 23-614(1)(a)-(d) in a manner consistent with paragraphs 1 and 2 above or in a way that is otherwise constitutional, this case shall be dismissed with prejudice.  If the Legislature does not amend Idaho Code § 23-614(1)(a)-(d) in a manner consistent with paragraphs 1 and 2 above or in a way that is otherwise constitutional, the stay in this litigation shall be lifted and this case shall continue into active litigation.

4. Plaintiffs are entitled to reasonable costs and attorney's fees under 42 U.S.C. § 1988 incurred in this case through the date that the Stipulation was submitted to the Court.  Counsel for Plaintiffs shall provide to counsel for Defendants an itemized statement of fees and costs that they may claim through the date the Stipulation was submitted to the Court, no later than 30 days from the date of this order.  If the Parties are unable to reach a negotiated agreement as to fees and costs through the date that the Stipulation was submitted to the Court, Plaintiffs

may petition the Court for an award of costs and fees for services performed through the date that the Stipulation was submitted to the Court, as well as for all services performed in pursuing any petition for an award of fees and costs.  Except for costs and fees related to services performed in pursuing any petition for an award of fees and costs as well as any costs and fees performed in obtaining a lift of the stay described above, the Parties shall each bear their own costs and attorney's fees incurred in connection with this matter from the date that the Stipulation was submitted to the Court, through the date that either the stay is lifted or this case is dismissed with prejudice, whichever occurs first.



DATED: October 3, 2016

_____
B. Lynn Winmill
Chief Judge
United States District Court